■ Marc Halpern, an Infant, by His Guardian ad Litem, Morton Halpern, et al., Respondents, v. Martin A. Lehman et al., Appellants.— Pursuant to stipulation, appeal withdrawn, without costs. Present — Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.

■ Michael Hull et al., Respondents, v. Clarence Buckius et al., Appellants.— In a consolidated action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from a judgment entered on a jury's verdict in favor of respondent Michael Hull for $12,500, in favor of respondent Margaret Hull for $500, and in favor of respondent Paul J. Latella, as guardian of John T. Latella, an infant, for $3,000, against both appellants. Respondents Michael Hull and Margaret Hull, husband and wife, sued to recover damages for personal injuries and for medical expenses and loss of services arising out of a collision between a motor vehicle owned and operated by appellant Buckius, in which they were passengers, and a vehicle owned and operated by appellant Truini. The infant, who was a passenger in appellant Truini's vehicle, sued to recover damages for personal injuries. Judgment insofar as it is in favor of respondents against appellant Buckius reversed upon the law and the facts, with costs, action severed, and complaint dismissed. Judgment insofar as it is in favor of respondent Michael Hull against appellant Truini reversed, action severed, and a new trial granted, with costs to abide the event, unless, within 10 days after the entry of the order hereon, said respondent stipulate to reduce the amount of the verdict in his favor to $7,500, in which event, the judgment insofar as it is in favor of said respondent against said appellant, as so reduced, is affirmed, without costs. Judgment insofar as it is in favor of respondents Margaret Hull and Paul J. Latella, as guardian, against appellant Truini affirmed, with costs. The evidence is insufficient to prove that appellant Buckius was negligent in the operation of his motor vehicle, and a verdict should have been directed in his favor. However, the evidence is sufficient to warrant the finding by the jury that appellant Truini was negligent in the operation of his motor vehicle. In our opinion, however, the verdict insofar as it is in favor of respondent Michael Hull is excessive. Nolan, P. J., Ughetta, Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased.